UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NADINE TOWNSEND,

                Plaintiff,

    v.                     1:13-CV-1603
                             (MAD/ATB)

HIGHLAND GENERAL HOSPITAL,
(a/k/a Alameda County Medical Center);
Dr. Dordofsky,

                Defendants.

NADINE TOWNSEND, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

   The Clerk has sent to the court a complaint filed by pro se plaintiff, Nadine Townsend. (Dkt. No. 1). Plaintiff has also filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). For the following reasons, this court will grant plaintiff's IFP application, deny plaintiff's motion for counsel, and will recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**I.  IFP Application**

   A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In this pro se action,[1] plaintiff alleges that defendants, Highland General Hospital ("HGH") and Dr. Dordofsky did not afford plaintiff proper dental care in 1999, when she lived in California. (Compl. Dkt. No. 1). Plaintiff's complaint is lengthy and disjointed and appears to state that these defendants are part of a larger

---

[1] The court notes that plaintiff filed eleven different civil actions against different defendants on December 31, 2013: *Townsend v. Liberty Mutual Fire Ins. Co.*, 1:13-CV-1597 (MAD/RFT); *Townsend v. Whitney M. Young Jr. Health Center, Inc. et al,* 1:13-CV-1598 (LEK/CFH) (Rep't recommending dismissal with leave to amend); *Townsend v. GHI et al*,1:13-CV-1599 (GTS/CFH) (Rep't recommending dismissal with leave to amend – Dkt. No. 4); *Townsend v. Public Storage, Inc*, 1:13-CV-1600 (TJM/TWD); *Townsend v. L.T. Auto Transport, Inc.*, 1:13-CV-1601 (MAD/CFH) (Rep't recommending dismissal with prejudice – Dkt. No. 4); *Townsend v. Trustco Bank,* 1:13-CV-1602 (TJM/CFH); *Townsend v. Dordofsky et al.*, 1:13-CV-1603 (MAD/ATB); *Townsend v. Parkland Memorial Hospital et al.*, 1:13-CV-1604 (DNH/CFH) (Rep't recommending dismissal with prejudice – Dkt. No. 4); *Townsend v. Albany County Department of Social Services et al.*, 1:13-CV-1605 (GTS/CFH); *Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT); *Townsend v. Solis*, 1:13-CV-1607 (MAD/CFH). The court also notes that in 2010, plaintiff filed three cases on the same day in the Northern District of New York, all of which were dismissed without service on defendants. *See Townsend v. The Roman Catholic Diocese of Albany County et al.*, 1: 10-CV-1303 (GLS/DRH) (closed 5/23/11 -dismissed for failure to submit an amended complaint that complied with pleading requirements); *Townsend v. Solis*, 1:10-CV-1304 (GLS/DRH) (closed 12/23/10 -dismissed based upon judicial immunity of the defendant); *Townsend v. Dobbs et al*., 1:10-CV-1305 (GLS/RFT) (closed 1/26/12 - dismissed for failure to file an amended complaint that complied with pleading requirements).

3

conspiracy to disfigure and torture plaintiff in the course of providing dental treatment. At the beginning of the complaint, plaintiff states that she is black and disabled, and that the defendants' actions were motivated by her disability and her race. (Compl. ¶ 2).

Plaintiff states that she moved to California in 1999 because she was not getting proper dental care in Dallas, Texas. (Compl. ¶ 3). She sought care in California at HGH,[2] but claims that HGH "conspired" with "dss"[3] officers in California and Texas to deny plaintiff dental services and treatment. (Compl. ¶ 7). Plaintiff claims that Dr. Dordofsky, the teachers and the student dentists at Baylor School of Dentistry, and the "County DSS (Medicaid Suppliers)" conspired to "corruptly and intentionally disfigure, injure and torture claimant and to deny claimant [sic] . . . repeated requests and urgings [sic] to treat/fix her teeth and her untreated gum disease." (Compl. ¶ 8). Plaintiff states that she and her medical doctors repeatedly requested intervention in writing, but defendant Dordofsky and other clinic employees would not help her.

---

[2] Plaintiff states that she sought care at HGH because "they had clinics there for almost everything, including dentistry, and because plaintiff had trouble getting treatment elsewhere." (Compl. at 3).

[3] The court assumes that plaintiff is referring to the Department of Social Services. The court notes that plaintiff has also filed an action against three departments of social services: Albany County; Rensselaer County; and Schenectady County. *See Townsend v. Albany County Department of Social Services et al.*, 1:13-CV-1605 (GTS/CFH). In 13-CV-1605, plaintiff claims that the departments are all vicariously responsible for their employees' acts. In 13-CV-1605, plaintiff states that her claim was brought due to a corrupt chain of conspiracy by "county dss offices, medicaid suppliers, housing administrators, and defendants to [the Texas cases]." (Dkt. No. 1 in 13-CV-1605).

4

Plaintiff claims that the lack of care in California became a "corrupt interstate conspiracy" that was influenced by "dss" and by the defendants in "claim no. 300CV287 in Dallas."[4] (Compl. ¶ 9). Plaintiff claims that HGH "ignored" plaintiff's requests to repair her teeth. She states that defendants' acts were intentional and caused plaintiff extensive injury, which will require plaintiff to endure long term future treatment. (Compl. ¶ 17). Plaintiff states that this conspiracy "followed" her from Texas to California, where she lived from February 27, 1999 until November 15, 1999, and finally to New York, where she alleges "wanton" acts by Dr. Ralph Fusco; Dr. Michael Christine; Dr. Berlow, and others from Albany Memorial Hospital and Whitney M. Young Health Center.[5] (Compl. ¶ 10). Plaintiff states that Dr. Fusco was the plaintiff's dentist after Dr. Dordofsky. Plaintiff also mentions Dr. Ahmad Alabbadi, who was equally corrupt.[6] (*Id.*) Plaintiff faults all her health care providers,

---

[4] Plaintiff appears to be referring to a case that she filed in the United States District Court for the Northern District of California in 1999, but was transferred to the Northern District of Texas in 2000 because all the defendants were citizens of Texas. *Townsend v. Liberty Mutual Fire Ins. Co., et al.*, No. 3-00-CV-287. This case involved the denial of insurance benefits in connection with a work-related injury she sustained in 1991. 00-CV-287 was dismissed because plaintiff failed to abide by court orders. Plaintiff has filed a similar action in this court against Liberty Mutual Fire Insurance Company, referencing the Texas action. *Townsend v. Liberty Mutual Fire Ins. Co.*, 1:13-CV-1597 (MAD/RFT) (Dkt. No. 1). Some of the documents filed in the current Northern District action bear the Texas civil action number.

[5] None of these individuals are defendants in this action, but the court notes that Whitney M. Young, Jr. Health Center; Albany Memorial Hospital; Dr. Fusco; Dr. Berlow; and Dr. Christine are defendants in one of the other cases cited above, filed by plaintiff in this district. *Townsend v. Whitney M. Young Jr. Health Ctr., et al.*, 1;13-CV-1598 (LEK/CFH).

[6] Once again, Dr. Alabbadi is not a defendant in this action. He is a defendant along with GHI in another case filed by plaintiff on December 31, 2013. *Townsend v. GHI, et al.*, 1:13-CV-1599

medicaid,[7] and the departments of social services with which she has had contact throughout the years, for every medical, dental, and housing problem that she has encountered, referring to enormous conspiracies to deny her rights based upon her race and disability. Plaintiff seeks substantial monetary damages.[8] (Compl. at p.9).

**III. <u>Venue</u>**

    **A.    Legal Standard**

Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b) which provides that

> A civil action may be brought in –
>     (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
>     (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, No. 12-929, __ S. Ct. __, 2013 WL 6231157, at *6 (U.S. Dec. 3, 2013).

---

(GTS/CFH).

    [7] Although this is mere speculation by the court due to the confusing and disjointed nature of the complaint, plaintiff's references to "dss" may also indicate that she is disturbed that Medicaid did not cover her necessary procedures.

    [8] The court notes that plaintiff has dated her complaint March 23, 2010. (Compl. at p.9).

6

## B. Application

Both defendants in this action are citizens of California for purposes of the venue statute. Although it is not completely clear, Dr. Dordofsky appears to be a dentist in California, and HGH is a hospital in Alameda County, California. Neither defendant is a resident of New York State, and there is no indication that any of their alleged conduct took place in New York State or was in any way connected to New York State. In one paragraph of the complaint, plaintiff alleges that the dental clinic at HGH, Dr. Dordofsky, "the teaching and student dentists at Baylor School of Dentistry in Dallas," and county "dss" conspired to disfigure, injure, and torture the plaintiff. (Compl. ¶ 8). Baylor University is in Texas, and there are no Texas defendants.

The only connection to New York State mentioned in plaintiff's complaint appears to be that she now lives in Albany and is still receiving poor treatment from the dentists, who are in the Northern District of New York. She has named the local dentists in a separate civil action in this court. Plaintiff attempts to tie her claims together by alleging that everyone who treated her, or who was involved in her treatment, including the social services "departments" participated in a "conspiracy," to give her bad care, but her statements are conclusions that have no factual basis that would make them "plausible." Conclusory allegations of conspiracy present "'exactly the kind of generalized claim that the *Twombly* standard is meant to police.'" *Bejjani v. Manhattan Sheraton Corp.*, No. 12 Civ. 6618, 2013 WL 3237845, at *14 (S.D.N.Y. June 27, 2103) (quoting *Fin. One Inc., v. Suk Chang*, No. 09 Civ. 4289, 2009 WL

7

2513504, at *1 (S.D.N.Y. Aug. 17, 2009)). *See also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846 (2013) (conclusory allegations of participation in a conspiracy have long been insufficient to state a claim).

Although plaintiff now resides in New York, the venue statute does not refer to where any ***plaintiff*** resides. The statute refers to the district where the ***defendants*** reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred. 28 U.S.C. § 1391(b)(1), (b)(2). The care, or lack of care, given to plaintiff by Dr. Dordofsky clearly occurred while plaintiff lived in California. (Compl. ¶ 11). Plaintiff states that Dr. Dordofsky "refused to provide claimant with an appointment for treatment for almost a year the entire time she was in California from 2-27-99 until 11-15-99." (*Id.*) Whatever care plaintiff received from dental students and teachers at Baylor University was afforded to her in Texas. The plaintiff's current residence, wherever it may be, is not relevant for purposes of the venue statute. *See Rose v. Myers*, No. 3:13-CV-419, 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (venue improper in Connecticut when plaintiff was a Connecticut resident, but none of the defendants resided in Connecticut, and the facts which formed the basis of plaintiff's complaint occurred in New Jersey). Thus, none of the bases for asserting venue in New York is present in the complaint as it exists.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district .

. . in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in **extraordinary circumstances**." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id.* This court finds, as discussed below, that this plaintiff's case presents sufficient extraordinary circumstances, justifying *sua sponte* dismissal, rather than a transfer to California, because the plaintiff is a vexatious litigant, and the complaint is frivolous.

IV. **Jurisdiction**

In her complaint, plaintiff has cited various statutes as bases for jurisdiction. She cites 42 U.S.C. § 1981; 28 U.S.C. § 1343;[9] 42 U.S.C. § 1320a-7a; 18 U.S.C. §§ 1501 *et seq.*; and 18 U.S.C. § 1961 *et seq.* (Compl. at 2). Plaintiff also alleges that she is basing jurisdiction on "state and federal provisions for dental care providers and facilities." (*Id.*)

A. **18 U.S.C. § 1501 "et seq."**

Section 1501 provides criminal penalties for an individual who commits an assault on a process server. 18 U.S.C. § 1501. The court notes that section 1501 is part of the "Obstruction of Justice" section of Title 18. *See United States v. Masterpol*,

---

[9] Plaintiff has cited 28 U.S.C. § 1343. Although this section grants original jurisdiction over actions based on various civil rights provisions, it does not in itself create a cause of action. *Llanos v. Brookdale Univ. Hosp*, No. 10-CV-1726, 2011 WL 809615, at *4 (E.D.N.Y. March 2, 2011) (citations omitted). Thus, plaintiff cannot proceed based upon the assertion of section 1343 alone.

940 F.2d 760, 762 (2d Cir. 1991) (citing 18 U.S.C. §§ 1501-17).  First, there is no mention of a process server in the complaint, so the court has interpreted plaintiff's basis for jurisdiction, including the addition of "et seq." to plaintiff's citation, as attempting to assert some "obstruction of justice" that would be found in the obstruction of justice section of Title 18.  This section includes obstruction of an "extradition agent" (18 U.S.C. § 1502); influencing or injuring an officer or a juror (18 U.S.C. §§ 1503, 1504); obstruction of proceedings before departments, agencies, and committees (18 U.S.C. § 1505); theft or alteration of a record or process or acknowledging bail in the name of another person (18 U.S.C. § 1506); picketing or parading with the intent of obstructing justice (18 U.S.C. § 1507); recording, listening to, or observing proceedings of grand or petit juries while they are deliberating (18 U.S.C. § 1508); obstruction of court orders (18 U.S.C. § 1509); obstruction of criminal investigations, or obstruction of state or local law enforcement (18 U.S.C. §§ 1510, 1511); tampering with, or retaliating against, witnesses, victims, or informants (18 U.S.C. §§ 1512, 1513); civil actions to restrain harassment of a victim or witness (18 U.S.C. § 1514); civil action to protect against retaliation in fraud cases (18 U.S.C. § 1514A); obstruction of a federal audit (18 U.S.C. § 1516); obstructing examination of financial institutions (18 U.S.C. § 1517); and obstructing criminal investigations of health care offenses (18 U.S.C. § 1518).

    None of these sections applies to plaintiff's claims that she was not given proper health care in California and Texas.  Although plaintiff often mentions Medicaid and conspiracies with departments of social services, none of plaintiff's

claims involve criminal investigations of health care offenses or any conduct that would constitute obstruction of justice under the above criminal statutes. More importantly, however, plaintiff cannot bring a civil action to enforce criminal statutes, even if plaintiff brought the action in the proper venue. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or nonprosceuciton of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); *Brown v. State Farm Fire and Cas. Co.*, No. 3:11-CV-1435, 2013 WL 951726, at *3 n.2 (D. Conn. March 12, 2013) (obstruction of justice and 18 U.S.C. §§ 1501-07 are criminal statutes that do no give rise to private causes of action) (citations omitted); *Garay v. United States Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private cause of action) (citations omitted); *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108-109 (S.D.N.Y. 1990) (plaintiff had no standing to bring a civil suit under criminal statutes prohibiting obstruction of justice - nor will court imply such authority to bring suit) (citations omitted).

Thus, plaintiff may not bring her action as a claim for obstruction of justice under any of the statutes in the section on obstruction of justice. 18 U.S.C. § 1501 et seq.

**B.     42 U.S.C. § 1320a-7a "et seq."**

This section of Title 42 of the United States Code provides for civil monetary penalties for improperly filed claims and "payments to induce reduction or limitation

11

of services." 42 U.S.C. § 1320a-7a(a), (b). This statute and the following statute, 42 U.S.C. § 1320a-7b, are federal anti-kickback laws that apply to federal health care programs. *American Federation of State, County and Mun. Employees Dist. Council 37*, 948 F. Supp. 2d 338, 351-52 (S.D.N.Y. 2013). Although plaintiff mentions Medicaid in her complaint, the statute provides that only the Secretary of Health and Human Services may initiate a proceeding to enforce these statutes. 42 U.S.C. § 1320 a-7a(c)(1) ("The Secretary may initiate a proceeding to determine whether to impose a civil money penalty assessment, or exclusion under subsection (a) or (b) of this section only as authorized by the Attorney General . . . .)

Thus, regardless of what plaintiff believes happened as a result of the defendants' actions or problems with Medicaid, plaintiff cannot bring an action under these statutes.

### C.     18 U.S.C. § 1961 et seq.

The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a private right of action to any person injured in her business or property by reason of a violation of section 1962 of the chapter. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (quoting 18 U.S.C. § 1964(c)). In order to establish a RICO claim, the plaintiff must plead conduct of an enterprise through a pattern of racketeering activity that causes injury to business or property as a result of the RICO violation. *Lundy v. Catholic Health Systems of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). The pattern of racketeering activity must consist of two or more predicate acts of

racketeering listed in 18 U.S.C. § 1961(1), (5). *Id.* The RICO conduct must be both the proximate and but for cause of the plaintiff's injury. *Id.* at 283.

RICO provides only for injury to business or property. The statute does not provide recovery for physical or emotional injuries. *Kesick v. Ulloa*, No. 1:10-CV-1248, 2012 WL 2873364, at *9 (N.D.N.Y. July 12, 2012) (quoting *Williams v. Dow Chemical Co.*, 255 F. Supp. 2d 219, 225 (S.D.N.Y. 2003)); *Moore v. Guesno*, 485 F. Supp. 2d 300, 305 (W.D.N.Y. 2007). Plaintiff in this case is complaining about physical injuries that she suffered as a result of the defendants' conduct, including Dr. Dordofsky's failure to treat her or to treat her properly. Thus, plaintiff has no standing to recover under the RICO statute.[10]

### D. 42 U.S.C. § 1981/ADA

Plaintiff alleges generally that she is "both Black and disabled," and the defendants' wrongful conduct was motivated by her disability and her race. (Compl. at 3). Section 1981 provides for equal rights based upon race, and covers both public and private conduct. 42 U.S.C. § 1981(a), (c). The Americans with Disabilities Act

---

[10] The court would also point out that the statute of limitations for a civil RICO claim is four years. *Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 483 U.S. 143, 156 (1987). The limitations period starts to run when the plaintiff discovers or should have discovered the injury. *In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d 56, 58 (2d Cir. 1998) (per curiam). Plaintiff states that Dr. Dordofsky refused to provide her with an appointment from February 27, 1999 until November 15, 1999, even though the "defendants" had apparently guaranteed that they would repair plaintiff's teeth and provide her with treatment for her gum disease. (Compl. at 6). Plaintiff appears to claim that the defendant HGH Dental Clinic "stalled" until plaintiff was forced to leave California by "other county housing agencies," and then offered her treatment, but it was too late. (Compl. at 7-8). Plaintiff discussed her subsequent attempts at obtaining dental care. However, the latest date that plaintiff mentions in complaint is December of 2000. (Compl. at 5). Plaintiff states that all her dental care providers were "corrupt," including dentists that she saw after she moved to Albany, but then determines that these health care providers must have "conspired" with "dss" and others to deprive her of care. Plaintiff has sued her Albany dental care providers in another of the many cases she has filed in this District. Clearly, plaintiff would have known about her injuries in 1999 and would have discovered any "conspiracy" by 2000. These are the only dates in her complaint. Thus, even if she could have asserted a personal injury claim, the statute of limitations for RICO has long since run.

("ADA") provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 *et seq.* Plaintiff does not cite the ADA as a basis for her claims, but given the liberality with which pro se complaints are treated, this court has interpreted plaintiff's claim to raise the strongest claims it suggests. *Burgos, supra.* Even assuming that plaintiff cited the appropriate statute for disability discrimination, in the appropriate venue, plaintiff's claims cannot survive.

Although plaintiff makes the general statement that she is both Black and disabled, there are no other facts stated that would even remotely support her claim that either defendant discriminated against her on those bases. It is unclear how she made the determination that defendants were discriminating against her based on race and/or disability. She does not even state what her disability is.

The statute of limitations for section 1981 claims is four years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004). A plaintiff's discrimination claim accrues when she knew or should have known about the discriminatory action. *Washington v. Cit of Rockland*, 373 F.3d 310, 317-18 (2d Cir. 2004). The statute of limitations for ADA claims is three years. *Johnson v. DHS/ICE*, No. 13-CV-288A, 2013 WL 6669232, at *4 (W.D.N.Y. Dec. 18, 2013) (citing *Chisholm v. United of Omaha Life Ins.*, 514 F. Supp. 2d 318, 326 (D. Conn. 2007)).

In this case, as stated above, any interaction plaintiff had with either defendant ended when she moved out of California in 1999 or at the latest in 2000, when she appears to have been in Texas and asserts that HGH, Dr. Dordofsky, and the teaching and student dentists at Baylor University "conspired" with "county dss (medicaid

14

suppliers) and "others" to "corruptly and intentionally disfigure, injure, and torture" plaintiff by denying her proper medical care. (Compl. at 4). Plaintiff filed this action on December 13, 2013, clearly long after both statutes of limitations expired.

Statutes of limitation are generally subject to equitable tolling where it is necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing. *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). Equitable tolling is an extraordinary measure that applies only when the plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected under the circumstances. *Id.*

In this case, there is no reason to equitably toll any statutes of limitation. Plaintiff has been bringing lawsuits regarding her dental/medical care for years. In this complaint, she refers to a law suit that she brought in Texas in 2000. (Compl. at 4). As stated above, in addition to the multiple cases that she filed in the Northern District of New York on December 13, 2013, plaintiff filed three cases in the Northern District of New York in 2010, claiming that various wrongs had been committed against her. Each of the cases from 2010 have been closed, and the court notes that plaintiff's Texas cases were closed based upon her failure to prosecute. At least two of the other cases filed in this district on December 13, 2013, relate to plaintiff's dental care and claim that the dentists conspired with others including Medicaid providers to cause plaintiff pain. *See Townsend v. Whitney M. Young Jr. Health Care Center, Inc. et al.*, No.1:13-cv-1598 (LEK/CFH); *Townsend v. GHI and Dr. Ahmad Alabbadi*, No. 1:13-CV-1599 (GTS/CFH). Magistrate Judge Hummel has

15

recommended dismissal with leave to amend in both cases,[11] but found that neither complaint stated a claim, nor did either complaint comply with Fed. R. Civ. P. 8 or 10.

Thus, plaintiff has certainly had many opportunities to file claims about her dental care, and there is no reason that any statute of limitation should be tolled.[12]

## V. <u>Appointment of Counsel</u>

Plaintiff has moved for appointment of counsel. (Dkt. No. 3). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997)). Instead, a number of factors must be carefully considered in ruling upon such a motion. *Id.* Before any of those factors are considered, the court must first ascertain whether the indigent's claims seem likely to be of substance. *Id.* Given this court's finding that the complaint is frivolous, and could not remain in this district, the court also finds that the complaint cannot meet the first requirement for appointment of counsel. The court will deny plaintiff's counsel motion.

## CONCLUSION

Thus, I will recommend dismissal of this case with prejudice. Generally, when

---

[11] The complaint in 1:13-CV-1598 also includes claims regarding plaintiff's medical (as opposed to only her dental) care. In 13-CV-1598, plaintiff also alleges "what appears to be multiple acts of medical malpractice in connection with back and dental treatment and a misdiagnosis of breast and ovarian cancer." (Dkt. No. 4 at CM/ECF p.4).

[12] The court would also point out that the state law statute of limitations for dental malpractice in California is "'three years after the date of injury or one year after plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.'" *Kitzig v. Nordquist*, 81 Cal. App. 4th 1384, 1390 (Cal. App. 4th Dist. 2000) (citing Cal. Code Civ. P. § 340.5). Thus, any state law claims would be time barred also, even if somehow plaintiff could have employed supplemental jurisdiction to raise a state law malpractice claim.

the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile. Plaintiff now has multiple cases pending in this district. She has been given the opportunity to amend in some of them. The cases in which she has been given that opportunity, she has named defendants that are in the Northern District of New York.

The difference in this case is that plaintiff has not named any defendants over which this court has jurisdiction. This court would not keep the action in any event because venue is improper. The court only has the option of dismissing or transferring the case. In addition to the improper venue, the claims are vague, conclusory, cannot be brought under any of the statutes cited, and all appear to be barred by any statute of limitations.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have

**FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 29, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge