UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NADINE V. TOWNSEND,

                         Plaintiff,

vs.                                                1:13-cv-1603
                                                  (MAD/ATB)

DR. DORDOFSKY; HIGHLAND GENERAL
HOSPITAL, also known as Alameda County
Medical Center,

                         Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

NADINE V. TOWNSEND
911 Central Avenue, #329
Albany, New York 12206
Plaintiff *pro se*

Mae A. D'Agostino, U.S. District Judge:

## ORDER

Plaintiff commenced this action *pro se*, along with ten other, separate actions, on December 31, 2013.[1] In the instant action, Plaintiff seeks damages in the amount of $100,000,000 for harm that she claims to have suffered as a result of Defendants' participation in a conspiracy to deprive her of adequate dental care, the motivation for which is her disability and race. *See* Dkt. No. 1.

In a January 29, 2014, Order and Report-Recommendation, Magistrate Judge Andrew T. Baxter granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to appoint counsel, and reviewed the sufficiency of the complaint. *See* Dkt. No. 4. Magistrate Judge

---

[1] *See* Dkt. No. 4 at 3 n.1 (collecting cases).

Baxter noted that each of the Defendants are citizens of California, none of the alleged conduct took place in New York, and the only connection to New York State is that Plaintiff now lives in Albany and is receiving poor dental treatment from dentists in this District (none of whom are parties to this action). Magistrate Judge Baxter thus determined that venue in this district is improper, pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and that dismissal, rather than transfer to California, would be appropriate "because the plaintiff is a vexatious litigant, and the complaint is frivolous." *Id.* at 9. Magistrate Judge Baxter further noted that Plaintiff alleged causes of action under several federal statutes, and determined for each of those statutes that either she had no cause of action or her claims were time-barred. *Id.* at 9-16. As such, Magistrate Judge Baxter recommended that the Court dismiss the complaint with prejudice. *See id.* at 17. Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Baxter's Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice. A review of Plaintiff's complaint makes clear that the Court lacks jurisdiction, venue is improper, and Plaintiff fails to state a plausible claim for relief. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Magistrate Judge Baxter correctly recommended that the Court dismiss the complaint with prejudice because the Court does not have jurisdiction over any of the Defendants,

venue is improper, and "the claims are vague, conclusory, cannot be brought under any of the statutes cited, and all appear to be barred by any statute of limitations;" therefore, amendment would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

Mae A. D'Agostino
US District Judge
Albany, New York
April 18, 2014